| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>JEFFREY R. STARK, 67662<br>LAW OFFICES OF JEFFREY R. STARK<br>3828 CARSON STREET, SUITE 100<br>TORRANCE, CA 90503<br>(310) 793-1222 Office<br>(310) 793-1211 Fax<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* | FOR COURT USE ONLY<br><br>**FILED**<br>**JUL 26 2010**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:_____ Deputy Clerk |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br>OMAR I. MARTINEZ<br><br><br><br>Debtor(s). | CHAPTER: 13<br><br>CASE NO.: 2:10-bk-21584<br><br>DATE:<br>TIME:<br>CTRM:<br>FLOOR: |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: Jeffrey R. Stark and Margaret Pagano Family Trust     )
### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☒ **255 East Temple Street, Los Angeles**      ☐ **411 West Fourth Street, Santa Ana**
                    ☐ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**
                    ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing     ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                 **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 2 of ____*

**F 4001-1M.RP**

| In re<br>OMAR I. MARTINEZ | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21584 |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated:

_____

*Print Law Firm Name (if applicable)*

JEFFREY R. STARK

_____

*Print Name of Individual Movant or Attorney for Movant*

_____

*Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 3 of* ____    **F 4001-1M.RP**

| In re<br>OMAR I. MARTINEZ | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 13<br>CASE NO.: 2:10-bk-21584 |
|---|---|---|

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT:  Jeffrey R. Stark and Margaret Pagano Family Trust ____ )

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* 9714 S. Broadway, Los Angeles, CA 90003 and 9718 S. Broadway, Los Angeles, CA 90003
   *Apartment/Suite No.:*
   *City, State, Zip Code:*

   Legal description or document recording number (including county of recording):

   ☒ See attached continuation page.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary   petition under Chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
      was filed on *(specify date)*:
   b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
      was entered on *(specify date)*:
   c. ☐ Plan was confirmed on *(specify date)*:
   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

3. **Grounds for Relief from Stay:**
   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
      (1) ☒ Movant's interest in the Property is not adequately protected.
         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
         (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (c) ☒ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
      (2) ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
         (a) ☒ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
         (c) ☒ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
         (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| OMAR I. MARTINEZ | | |
| | Debtor(s). | CASE NO.: 2:10-bk-21584 |

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☒ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☒ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

    d. ☐ Other evidence *(specify):*

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following (specify forms of relief requested):**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☒ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER).*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                    **F 4001-1M.RP**

| | | |
|---|---|---|
| Motion for Relief from Stay (Real Property) - *Page 5 of* ____ | | **F 4001-1M.RP** |

| In re<br>OMAR I. MARTINEZ | (SHORT TITLE)<br>Debtor(s). | CHAPTER: 13<br>CASE NO.: 2:10-bk-21584 |
|---|---|---|

    d.  ☐  For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 6/30/10

Respectfully submitted,

Jeffrey R. Stark and Margaret Pagano Family Trust
*Movant Name*

Jeffrey R. Stark
*Firm Name of Attorney for Movant (if applicable)*

By: *Jeffrey R Stark*
*Signature*

Name: JEFFREY R. STARK
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                          **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 6 of* ____    **F 4001-1M.RP**

| In re<br>OMAR I. MARTINEZ | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21584 |

## REAL PROPERTY DECLARATION
### (MOVANT: Jeffrey R. Stark and Margaret Pagano Family)

I, JEFFREY R. STARK _____, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify):*

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity):*

   ☒ Other *(specify):*
   I am the co-trustee together with my wife Margaret Pagano Stark of the Jeffrey R. Stark and Margaret Pagano Family Trust which has deeds of trust against the subject the property. Attached hereto and incorporated herein as Exhibits ___ and ___ are copies of the trust deed of the short form deed of trust and the notices of default. Deeds of trust are for $220K & $440K

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a.  The address of the Property that is the subject of this Motion is:

   *Street Address:* 9714 S. Broadway, Los Angeles, CA 90003 & 9718 S. Broadway, Los Angeles, CA 90003
   *Apartment/Suite No.:*
   *City, State, Zip Code:*

   b.  The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit A _____.

   ☒ See attached page.

4. Type of property *(check all applicable boxes):*

   a.  ☐ Debtor's(s') principal residence  b.  ☐ Other single family residence

   c.  ☐ Multi-unit residential       d.  ☒ Commercial

   e.  ☒ Industrial              f.  ☐ Vacant land

   g.  ☒ Other *(specify):*
   Properties are mixed use and the debtor resides in one of the properties.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 7 of ____*    **F 4001-1M.RP**

| In re (SHORT TITLE)<br>OMAR I. MARTINEZ | Debtor(s). | CHAPTER: 13<br>CASE NO.: 2:10-bk-21584 |
|---|---|---|

5. Nature of Debtor's(s') interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) *(specify)*:

c. ☐ Lien holder *(specify)*:

d. ☐ Other *(specify)*:

e. ☐ Debtor(s) ☐ did ☐ did not list the Property in the Schedules filed in this case.

f. ☐ Debtor(s) acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed

The deed was recorded on: ____

6. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ 660,000.00 | $ | $ |
| b. Accrued Interest: | $ | $ | $ |
| c. Late Charges | $ | $ | $ |
| d. Costs (Attorney's Fees, Other Costs): | $According to proof | $ | $ |
| f. Advances (Property Taxes, Insurance): | $ | $ | $ |
| g. TOTAL CLAIM as of _____: | $ | $ | $ |

h. ☐ Loan is all due and payable because it matured on *(specify date)*: ____

7. Movant holds a ☒ deed of trust ☐ judgment lien ☒ other *(specify)* NOTE SECURED BY DEED OF TRUST that encumbers the Property.

a. A true and correct copy of the document as recorded is attached as Exhibit _____.
b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit A
c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

a. Current interest rate: 12%
b. Contractual maturity date: 7/18/08 & 4/24/09
c. Amount of current monthly payment: $4,400 on 440K & $2,017 on $220k or total of $6,414 & $642 late
d. Number of PREPETITION payments that have come due and were not made: ____. Total amount: $_____ charge/mo
e. Number of POSTPETITION payments that have come due and were not made: ____. Total amount: $_____
f. Date of POSTPETITION default: 4/1/10
g. Last payment received on the following date: None
h. Notice of default recorded on the following date:
i. Notice of sale recorded on the following date:
j. Foreclosure sale originally scheduled for the following date:
k. Foreclosure sale currently scheduled for the following date:
l. Foreclosure sale already held on the following date:
m. Trustee's deed on sale already recorded on the following date:
n. Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $_____ will come due on _____, and on the ____ day of each month thereafter. If the payment is not received by the ____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 8 of* ____    **F 4001-1M.RP**

| In re<br>OMAR I. MARTINEZ | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 13<br>CASE NO.: 2:10-bk-21584 |
|---|---|---|

10. ☐ *(Chapter 7 and 11 cases only):* The fair market value of the entire Property is $ _____, established by:

   a.  ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

   b.  ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

   c.  ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.

   d.  ☐ Other *(specify)*:

11. ☐ The fair market value of the Property is declining based on/due to: _____
            _____

12. ☐ **Calculation of equity in Property:**

   a.  Based upon ☐ preliminary title report ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled<br>by Debtor(s) (if any) | Amount Known to<br>Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | Jeffrey R. Stark & Margaret P | $440,000.00 | |
| 2nd Deed of Trust: | Jeffrey R. Stark & Margaret P | $220,000.00 | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:** $ | | | |

   b.  Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _A_____, and consists of:

      ☐ Preliminary title report

      ☐ Relevant portions of Debtor's(s') Schedules as filed in this case

      ☒ Other *(specify):* Notes Secured by Deed of Trust in amt of $440K & $220K

   c.  Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $ 0.00 _____ (§ 362(d)(2)(A)).

   d.  The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ 0.00 _____ (§ 362(d)(1)).

   e.  Estimated costs of sale: $ 39,600.00 _____ (Estimate based upon 6 _____% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

   a.  341(a) Meeting currently scheduled for (or concluded on) the following date:
      Confirmation hearing currently scheduled for (or concluded on) the following date:
      Plan confirmed on the following date *(if applicable)*:

   b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| *(Number of)* | 6 | payment(s) due at $ | 4,400.00 | each | = | $ _____ |
|---|---|---|---|---|---|---|
| *(Number of)* | 6 | payment(s) due at $ | 2,017.00 | each | = | $ _____ |
| *(Number of)* | | late charge(s) at $ | | each | = | $ _____ |
| *(Number of)* | | late charge(s) at $ | | each | = | $ _____ |

*(Continued on next page)*

*December 2009*                                              **F 4001-1M.RP**

*Motion for Relief from Stay (Real Property) - Page 9 of* ____    **F 4001-1M.RP**

| In re OMAR I. MARTINEZ | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21584 |

c.  Postpetition/preconfirmation advances or other charges due but unpaid:   $_____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**  $_____

d.  Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

*(Number of)* _____ payment(s) due at $_____ each   =   $_____
*(Number of)* _____ payment(s) due at $_____ each   =   $_____
*(Number of)* _____ late charge(s) at  $_____ each   =   $_____
*(Number of)* _____ late charge(s) at  $_____ each   =   $_____

e.  Postconfirmation advances or other charges due but unpaid:   $_____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**  $_____

f.  ☐ The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g.  ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐ The court determined that the Property qualifies as single asset real estate on _____.  More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time  or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17 ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page for facts establishing the scheme.

b.  ☐ Multiple bankruptcy filings affecting the Property.  The multiple bankruptcy filings include the following cases:
    1.  Case Name:
        Case Number:                       Chapter:
        Date Filed:                        Date Dismissed:              Date Discharged:
        Relief from stay re this property  ☐ was   ☐ was not  granted.
    2.  Case Name:
        Case Number:                       Chapter:
        Date Filed:                        Date Dismissed:              Date Discharged:
        Relief from stay re this property  ☐ was   ☐ was not  granted.
    3.  ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

*December 2009*    **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 10 of* ____      **F 4001-1M.RP**

| In re<br>OMAR I. MARTINEZ | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21584 |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a.   ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b.   ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c.   ☐ For other facts justifying annulment, see attached continuation page.


**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** _____, _____, **at** _____ *(city, state).*


JEFFREY R. STARK _____
*Print Declarant's Name*

Signature _____
*Signature of Declarant*

---

*December 2009*                                                **F 4001-1M.RP**

Motion for Relief from Stay (Real Property) - *Page 11 of* ____    **F 4001-1M.RP**

| In re OMAR I. MARTINEZ | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 2:10-bk-21584 |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as _____ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:


☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

*December 2009*                                                                           **F 4001-1M.RP**

Attachment to 1. Property Issue to F4001-1M.RP

Lot 4 in Block "B" of Moneta Home Tract, in the City of Los Angeles, County of Los Angeles,
State of California, as per Map Recorded in Book 11, Page 58 of Maps, in the Office of the County
Recorder of Said County.

## DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC

## STAY

I, Jeffrey R. Stark, do hereby declare and say as follows:

1. That I am an attorney at law duly licensed to practice law before all of the courts of the State of California. I am representing myself in this matter. I, together with my wife, Margaret Pagano Stark, are the co-trustees of the Jeffrey R. Stark and Margaret Pagano Stark Family Trust dated December 6, 1995.

2. I offer my within Declaration in lieu of personal testimony, pursuant to Sections 2009 and 2015.5 of the California Code of Civil Procedure, Rule 1225, California Rules of Court, Reifler vs. Superior Court, 39 Cal.App.3d 479 (1974), and Marriage of Stevenot, 154 Cal.App. 3d 1051 (1984); that the facts herein stated are within my personal knowledge, and I further affirmatively state that if sworn as a witness, I would and could testify competently thereto.

3. That attached hereto collectively as Exhibit A are the Notes Secured by Deed of Trust in the amounts of $440,000 and $220,000 the first being dated April 24, 2009, and the second dated July 17, 2008.

4. As to the $440,000 note, it was all due and payable on April 24, 2009. No monies were paid towards the principal sum at that time or any other time. As to the Note Secured by Deed of Trust in the amount of $220,000, it was all due and payable on July 17, 2008. No monies were paid towards the principal sum owing at that time.

5. As to the notes, attached hereto and incorporated herein as Exhibit B are schedules with regards to both the $440,000 and $220,000 note. As can be seen therefrom, as to the $440,000 note, the sum of $20,660 was due as of December 20, 2009. No monies have been paid thereafter so that the sum of $440 plus $140 late fee, or the total of $4,840 is due for each month commencing January 1, 2010 or an additional sum of $24,200 through May, 2010.

6. As to the $220,000 note, no sums were paid as of November 5, 2009. The balance was zero. However, subsequent thereto, no amounts were paid as such that the sum of $2,017 plus $202 penalty fee or a total of $2,219 is due for the month of December of 2009, or a total of an additional $13,314 through May, 2010.

7. Attached hereto and incorporated herein collectively as Exhibit C are the default notices.

8. **The Post-Petition Deliquency.**        The Debtors have failed to make post-petition payments that have come due. The petition was filed on March 27, 2010. No payments have been made for the month of March, April, or May, 2010. The total post-petition delinquency is set forth below:

2 Payments at $4,400.00 and $2,017.00 or a total of $6,417 X 2= $12,834 and late charges of $440 and $202 or a total of $642 X 2 or $1,284 or a total of $14,118 for the months of April and May 2010 excluding the post petition delinquency due from March 27, 2010 thru March 31, 2010.

**Total "Post-Petition" Balance Due:  Commencing April 1, 2010=**

10. **The Debtor's Interest In the Property.**        The Debtor is the owner of the subject property.

11. **The Filing of the Instant Petition.**        On or about March 27, 2010, OMAR I. MARTINEZ, Debtor, filed the Chapter 13 Petition as Case No. 2:10-bk-21584.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 26th of May, 2010, at Torrance, California.

BY: _____
        JEFFREY R. STARK

EXHIBIT A

**DO NOT DESTROY THIS ORIGINAL NOTE: When paid, this Note and the Deed of Trust must be surrendered to Trustee with a request for reconveyance.**

# NOTE SECURED BY DEED OF TRUST
## (INTEREST INCLUDED)

$440,000                        LYNWOOD, California                        April 24, 2009

In installments and at the times hereinafter stated, for value received, I/We promise to pay to JEFFREY R. STARK AND MARGARET PAGANO STARK FAMILY TRUST DATED DECEMBER 06, 1995 or order at 636 GOULD HERMOSA BEACH, CA 90254 the principal sum of FOUR HUNDRED FORTY THOUSAND AND 00/100 DOLLARS, with interest from APRIL 24, 2008 on the amount of principal remaining from time to time unpaid, until said principal sum is paid, at the rate of 12% per cent per annum Interest Only. Interest payment is due in monthly installments of FOUR THOUSAND FOUR HUNDRED 00/100 DOLLARS ($4400.00) or more on the FIRST day of each and every month beginning on June 1, 2008.

***Prepayment Penalty (6 months Interest)***

***LATE FEE OF 10% ($440) WILL BE DUE IF PAYMENT IS NOT PAID WITHIN 5 DAYS OF DUE DATE***

***A $50 Fee for all checks returned will be charged***

and continuing until said principal sum and the interest thereon has been fully paid. AT ANY TIME, THE PRIVILEGE IS RESERVED TO PAY MORE THAN THE SUM DUE. Each payment shall be credited first, on the interest then due; and the remainder on the principal sum; and interest shall thereupon cease upon the amount so credited on the said principal sum. If default is made in payment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest are payable in lawful money of the United States. If an action is instituted on this note I/We promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a DEED of TRUST to OLD REPUBLIC TITLE COMPANY as Trustee.

_____        _____
OMAR MARTINEZ


_____        _____


# COPY


INTEREST ACCRUAL DATE IS HEREBY ADJUSTED TO ACCRUE FROM _____. _____

_____
Escrow Holder

DO NOT DESTROY THIS ORIGINAL NOTE: When paid, this Note and the Deed of Trust must be surrendered to Trustee with a request for reconveyance.

# NOTE SECURED BY DEED OF TRUST
## (INTEREST INCLUDED)

$ 220,000                          LYNWOOD, California                          JULY 17, 2008

In installments and at the times hereinafter stated, for value received, I/We promise to pay to JEFFERY R. STARK & MARGARET PAGANO STARK FAMILY TRUST DATED DECEMBER 6, 1995 or order 636 GOULD, HERMOSA BEACH, CA. 90254 at the principal sum of TWO HUNDRED TWENTY THOUSAND AND 00/100 DOLLARS, with interest from JULY 18, 2007 on the amount of principal remaining from time to time unpaid, until said principal sum is paid, at the rate of 11% per cent per annum. Interest is due in monthly installments of TWO THOUSAND SIXTEEN AND 67/100 DOLLARS ($ 2, 016.67) or more on the 1ST day of each and every month beginning on SEPTEMBER 1, 2007.

and continuing until said principal sum and the interest thereon has been fully paid. AT ANY TIME, THE PRIVILEGE IS RESERVED TO PAY MORE THAN THE SUM DUE. Each payment shall be credited first, on the interest then due; and the remainder on the principal sum; and interest shall thereupon cease upon the amount so credited on the said principal sum. If default is made in payment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest are payable in lawful money of the United States. If an action is instituted on this note I/We promise to pay such sum as the Court may fix as attorney's fees. This note is secured by a DEED of TRUST to LANDAMERICA GATEWAY TITLE COMPANY, as Trustee.

_____                    _____
OMAR MARTINEZ

_____                    _____

INTEREST ACCRUAL DATE IS HEREBY ADJUSTED TO ACCRUE FROM _____. _____

_____
Escrow Holder

EXHIBIT B

| Borrower | Note | Rate | Terms | Due |
|---|---|---|---|---|
| Martinez 2 | 440,000 | 12 | Int. Only | |

| Date | Principal | Interest | Fees | Total | payment | for | balance |
|---|---|---|---|---|---|---|---|
| 5/1/2009 | | | | 2,017 | due | | 4,034 |
| 5/1/2009 | | 2,017 | | 2,017 | due | May-09 | 2,017 |
| | | | | | | | 6,051 |
| 5/6/2009 | | 2017 | 202 | 2217 | MO | 1-Apr | -2,219 |
| | | | | | | | 3,922 |
| 5/15/2009 | | | | | Late fee 5/09 | 1-Apr | 217 |
| | | | | | | | 4,139 |
| 5/15/2009 | | 2100 paid | | money o | | Apr-09 | 100 | -2,100 |
| | | | | | | | 2,039 |
| 6/1/2009 | | | | | due | | 4,400 |
| | | | | | | | 6,439 |
| 6/16/2009 | | | | | late fee | 440 | 440 |
| | | | | | | | 6,879 |
| 7/1/2009 | 4,400 | | | 4,400 | due | | 4,400 |
| | | | | | | | 11,279 |
| 7/15/2009 | | | 440 | | late fee | | 440 |
| | | | | | | | 11,719 |
| 7/30/2009 | | | | | | 2,639 | 2,639 |
| | | | | | | | 9,080 |
| 9/1/2009 | 4,400 | | | | | | 4,400 |
| | | | | | | | 13,480 |
| 9/6/2009 | | | 440 | | | | 440 |
| | | | | | | | 13,920 |
| 10/1/2009 | 4,400 | | | | | | 4,400 |
| | | | | | | | 18,320 |
| 10/6/2009 | | | 440 | | | | 440 |
| | | | | | | | 18,760 |
| 11/1/2009 | | | | 4400 | | | 4400 |
| | | | | | | | 23,160 |
| 11/5/2009 | | | | | | 3517 | 3517 |
| | | | | | | | 19,643 |
| 11/19/2009 | | . | | | | 800 paydown | -800 cash |
| | | | | | | | 18,843 |
| 12/5/2009 | 4,400 | | | | | | 4,400 |
| | | | | | | | 23,243 |
| 12/5/2009 | | | | | | 1,583 paydown | -1,583 |
| | | | | | | | 21,660 |
| 12/20/2009 | | | | | | 1000 paydown | -1,000 |
| | | | | | | | 20,660 |

| Borrower | Note | Rate | Terms | Due |
|---|---|---|---|---|
| Martinez 1 | 220,000 | 11 | IO | |

| Date | Principal | Interest | Fees | Total | payment | for | balance |
|---|---|---|---|---|---|---|---|
| 5/1/2009 | | 2,017 | | 2,017 | due | | 4,034 |
| 5/1/2009 | | 2,017 | | 2,017 | due | May-09 | 2,017 |
| | | | | | | | 6,051 |
| 5/6/2009 | | 2017 | 202 | 2217 | MO | 1-Apr | -2,219 |
| | | | | | | | 3,922 |
| 5/15/2009 | | | | | Late fee 5/09 | 1-Apr | 202 |
| | | | | | | | 4,125 |
| 5/15/2009 | | 2100 paid | | money o | Apr-09 | 100 | -2,100 |
| | | | | | | | 2,024 |
| 6/1/2009 | | 2017 | | 2017 | due | | 2,017 |
| | | | | | | | 4,041 |
| 6/16/2009 | | | 101 | | Late fee due | | 101 |
| | | | | | | | 4,142 |
| 7/1/2009 | | 2017 | | | | | 2017 |
| | | | | | | | 6,159 |
| 7/15/2009 | | | 2 | | | | 202 |
| | | | | | | | 6,361 |
| 7/30/2009 | | | | 6,361 | money order | | 6,361 |
| | | | | | | | 0 |
| 9/1/2009 | | 2017 | | | | | 2017 |
| 9/1/2009 | | | 202 | | due | | 202 |
| 9/6/2009 | | | | | | | 2219 |
| 1-Oct | | 2017 | | | | | 2017 |
| | | | | | | | 4236 |
| 6-Oct | | | 202 | | | | 202 |
| | | | | | | | 4236 |
| 10/6/2009 | | | | | 4150 | | 4150 |
| | | | | | | | 86 |
| 11/1/2009 | | 2017 | | | | | 2017 |
| | | | | | | | 2103 |
| 11/5/2009 | | | | | 2103 | | 2103 |
| | | | | | | | 0 |
| 12/5/2009 | | 2017 | | | | | 2017 |
| 12/5/2009 | | | | | 2017 - cash | | -2017 |
| | | | | | | | 0 |

EXHIBIT C

*2*

**RECORDING REQUESTED BY:**

FIRST AMERICAN TITLE INSURANCE COMPANY

**WHEN RECORDED MAIL TO:**

**FCI LENDER SERVICES, INC.
8180 EAST KAISER BOULEVARD
ANAHEIM HILLS, CA 92808-2277**



10/19/2009

*20091575562*

---

| Title Order No.: 4287903 -MS | Trustee's Sale No.: 66516 | Loan No.: |
|---|---|---|

Space above this line for recorder's use only

## IMPORTANT NOTICE
### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$232,698.92** as of **10/15/2009** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

1 of 3





Description: Los Angeles,CA Document-Year.DocID 2009.1575562 Page: 2 of 4
Order: 23 Comment:

28

Title Order No.:
Trustee's Sale No.:    66516
Loan No.:

**NOTICE OF DEFAULT AND ELECTION TO SELL - continued**
**Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.**

**To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: THE BENEFICIARY c/o FCI LENDER SERVICES, INC., 8180 EAST KAISER BOULEVARD, ANAHEIM HILLS, CA 92808-2277 (714) 282-2424.**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.**

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN THAT:**

**FCI LENDER SERVICES, INC.**

**is the duly appointed Trustee, or duly authorized agent for the Beneficiary, or duly designated Agent for the Beneficiary under a Deed of Trust dated 07/23/2007 , executed by OMAR MARTINEZ, A SINGLE MAN , as trustor, to secure obligations in favor of JEFFREY R. STARK & MARAGET PAGANO STARK, TRUSTEES OF THE STARK FAMILY TRUST , as Beneficiary**

**RECORDED 08/17/2007, AS INSTRUMENT #20071934416 of official records in the Office of the Recorder of Los Angeles County, California, as more fully described on said Deed of Trust, securing the note(s) for the sum of $220,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE UNPAID PRINCIPAL BALANCE OF $220,000.00 WHICH BECAME DUE ON 07/18/2008 PLUS ACCRUED INTEREST AND LATE CHARGES. ADVANCES TO SENIOR LIENS, INTEREST INSURANCE, TAXES AND DELINQUENT TAXES AND/OR INSURANCE PREMIUMS TO BE ADVANCED BY THE BENEFICIARY AFTER THE RECORDING OF THE NOTICE OF DEFAULT.**

**The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.**

4

Title Order No.:
Trustee's Sale No.:    66516
Loan No.:

**NOTICE OF DEFAULT AND ELECTION TO SELL - continued**

**That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.**

**DATE: 10/15/09**

**FOR: THE BENEFICIARY**
**By: FCI LENDER SERVICES, INC., by: First American Title Insurance Company, as agent for: FCI LENDER SERVICES, INC.**

**FCI LENDER SERVICES, INC. IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**